569 So.2d 295 (1990)
T.C. HARRELSON, Jr.
v.
STATE of Mississippi.
No. 89-KA-0154.
Supreme Court of Mississippi.
October 17, 1990.
Cliff R. Easley, Jr., Easley & Cooper, Bruce, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
BLASS, Justice, for the Court:
This case grows out of the collision of two automobiles on Highway 8 between Grenada and Calhoun City. The appellant, who was the defendant below, T.C. Harrelson, Jr., was indicted by the Grand Jury in Calhoun County on two counts. The first was for aggravated assault on Ms. Druecellia H. Sutherland and count two was for an aggravated assault on Patricia M. Beane. Both charge the defendant with operating a motor vehicle in a negligent manner while under the influence of intoxicating liquor or alcohol in violation of Miss. Code Ann. § 97-3-7(2)(a) (Supp. 1987). The indictment charged that Mr. Harrelson did unlawfully and feloniously and recklessly under circumstances manifesting extreme indifference to the value of human life cause serious bodily injury to both of the ladies named. Ms. Sutherland succinctly described the accident when she testified, saying:
[W]e came over a hill and there was a car at the bottom of the hill but on our side of the road, and he was trying to decide what to do and we thought maybe they were just looking down or looking up and we thought they would move back on their side, but I looked to my right and there is an incline there and to the left it's uphill, and we really didn't know where to get out of his way and I  by the time I decided maybe I could swerve to the left and get out of his way we collided.
Ms. Sutherland was very seriously injured in the crash. Ms. Beane's injuries *296 were less severe but she, too, was seriously hurt and continued to suffer from the accident at the time of the trial. Officer John Harris, a Mississippi Highway Safety Patrol Trooper, worked the accident and testified that when he arrived at the scene he went directly to Mr. Harrelson's car where he found Harrelson behind the wheel in the west-bound lane sitting at an angle of about forty-five degrees. Ms. Sutherland's car was in the east-bound lane also at an angle of about forty-five degrees and the cars were facing each other. Mr. Harris testified that when he approached the Harrelson vehicle he smelled alcohol and saw several empty containers in the car. Harrelson was taken to the hospital in Houston where Mr. Harris talked to him and explained to him that he suspected him of drinking and needed to take a blood sample. The evidence at the trial showed that Mr. Harrelson's blood sample reflected a .17 percent ethyl alcohol reading.
Shortly after the accident, Harrelson was charged with driving and operating an automobile with a suspended driver's license, operating an automobile without a tag, and driving an automobile on the wrong side of the highway. He pled guilty and paid the fines in connection with these offenses except for driving with a suspended license and on this charge he was found not guilty.
In responding to this indictment, the defendant filed a motion to dismiss on the 23rd of November, 1988, arguing that the indictment against him should be dismissed as being barred by the constitutional prohibition against double jeopardy under the fifth amendment of the Constitution of the United States and under art. 3, section 22 of the Mississippi Constitution of 1890. The defendant renewed his motion on January 5, 1989, just before the trial commenced on January 10, 1989. The court denied his motion and the jury returned a verdict of guilty on both counts. The court then sentenced Mr. Harrelson to a term of eight years, with four years suspended, revoked his driver's license, and required him to successfully complete the alcohol and drug rehabilitation in Parchman. The defendant has appealed to this Court, charging that the trial court should have sustained his motion to dismiss on the double jeopardy grounds and, further, that the court erred in refusing to grant a simple assault instruction. He further contended that the verdict was contrary to the law and the evidence in this case.
In view of the earlier decisions of this Court, the decisions of the Supreme Court of the United States, and the record before us, it is clear that the case must be reversed for violation of the constitutional prohibition against double jeopardy as contained in the fifth amendment to the Constitution of the United States and as set out in art. 3, section 22 of the Mississippi Constitution of 1890. In light of this determination, we do not address any other issues.
The law in this area is well-developed in the decisions of this Court and in the decisions of the Supreme Court of the United States. We do not intend to state it all here. The latest decision of which we are aware is Grady v. Corbin, ___ U.S. ___, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). That case, like the one before us now, involved an accident which resulted from the defendant's being on the wrong side of the highway. There, the defendant was ticketed with a misdemeanor charge of driving while intoxicated and failing to keep to the right of the median. He pled guilty and was convicted. Subsequently, he was charged with reckless manslaughter, criminally negligent homicide, and reckless assault. The state's case was based on operating a motor vehicle on a public highway in an intoxicated condition, failing to keep to the right of the median, and driving at a speed too fast for the weather and road conditions. Defendant moved to dismiss, based on the double jeopardy argument, relying on Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Adopting a suggestion set out in Vitale, the Court said: "We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *297 Grady, ___ U.S. at ___, 110 S.Ct. at 2087, 109 L.Ed.2d at 557. There can be no doubt as to the applicability of the language just quoted above here because, in the instant case, the state only sought and obtained one instruction. That instruction read in pertinent part as follows:
The Court instructs the jury that if you find from the evidence in this case beyond a reasonable doubt that the Defendant T.C. Harrelson, Jr., seriously injured Druecella [sic] Sutherland recklessly, by causing an automobile occupied by him to recklessly enter the lane of traffic reserved by law for the operation of the vehicle operated by Druecella [sic] Sutherland and thereby recklessly causing a collision in which Druecella [sic] Sutherland was seriously injured under which the circumstances manifested extreme indifference to the value of human life, then you shall find the Defendant guilty of aggravated assault. (emphasis supplied)
It is apparent, then, that the conduct which the state relied on in its instruction in the felony case is precisely the same conduct for which the defendant had already been convicted in the misdemeanor case. Our decision here is controlled by Grady.
The decisions of the Supreme Court of the United States are to the same effect as the decisions of this Court. Bennett v. State, 528 So.2d 815 (Miss. 1988). See also, Sanders v. State, 429 So.2d 245 (Miss. 1983). In Sanders, Justice Robertson's opinion discusses the rational basis for the preclusion of issues under the constitutional double jeopardy prohibition and compares and contrasts it with the concept of collateral estoppel and issue preclusion in civil cases.
REVERSED AND APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.