I.
Today's appeal challenges multiple prosecutions arising from a tragic homicide and kidnapping within an estranged family, and presents a number of questions for review, most important of which concerns the right of persons to be shielded from double jeopardy. We hold in the end the defendant lawfully convicted of capital murder, burglary and assault, but acquit and discharge him of kidnapping as he was put in jeopardy therefor in his capital murder prosecution. *Page 750 
 II.
On August 7, 1988, Tana Renee Meeks, having separated from her husband, Alvin Meeks (Meeks), was living at the home of her sister-in-law, Linda Meeks, in rural Alcorn County. Alvin Meeks had been on an all night drinking spree and early that morning, arrived at Linda's house demanding to see Tana. Meeks was armed with a pistol. Linda twice refused him entrance, but Meeks would not leave. Tana then went to the door and asked him to go away. Meeks pushed the door open, forced his way into the house, grabbed Tana by the hair and began pulling her away. In the process of removing Tana from the house, Meeks managed to shoot and kill Linda. He forced Tana into his car. Before leaving, he fired a shot at Christopher Meeks, Linda's eight-year-old son. He then drove off, beginning an odyssey that lasted for two days, and ended only when Tana managed to escape.
On October 8, 1988, the grand jury of Alcorn County returned a four count indictment, charging Alvin J. Meeks with the crimes of capital murder, kidnapping, burglary and assault. The trial was held in Monroe County on a change of venue. The jury returned verdicts of guilty on all counts and the Circuit Court sentenced Meeks to terms of life, thirty years, and ten years, respectively, on the capital murder, kidnapping and burglary charges, the sentences to be served consecutively. The Court sentenced Meeks to six months in the Alcorn County jail for the assault charge, that sentence to run concurrently.
Meeks now appeals to this Court.
 III.
Meeks argues the Circuit Court erred when it denied his motion for judgment of acquittal notwithstanding the verdict on Count II of the indictment, the charge that he kidnapped his estranged wife, Tana.
We begin with the indictment which charges, inter alia, that Meeks
 COUNT I: did wilfully, unlawfully, and feloniously, and with deliberate design kill and murder Linda Meeks, a human being while he, the said Alvin J. Meeks, was engaged in the felony crime of kidnapping,[1] in violation of Mississippi Code Annotated, Section 97-3-19(2)(e);
 COUNT II: in said County and State on the 7th day of August, A.D., 1988 did wilfully, unlawfully and feloniously without lawful authority kidnap, or forcibly seize and confine Tana Renee Meeks against her will, in violation of Mississippi Code Annotated, Section 97-3-53 (Supplement 1987); . . .
At the close of the case for the prosecution, Meeks moved that the Court direct a verdict of acquittal on the kidnapping count, citing the double jeopardy clauses of federal and state constitutions.[2] At the conclusion of all the evidence, Meeks renewed the substantive point via his request for a peremptory instruction on Count II. The Circuit Court balked again and submitted the case to the jury, which found Meeks guilty of kidnapping. Thereafter, Meeks moved for a judgment of acquittal notwithstanding the verdict, and that motion was denied as well. The Circuit Court then imposed the thirty years sentence consecutive to two of his other sentences.
Meeks says that the State of Mississippi has placed him twice in jeopardy for the kidnapping of his estranged wife, Tana. This was first done in Count I in that "the felony crime of kidnapping" was used as the underlying felony to elevate the homicide *Page 751 
of Linda Meeks to capital murder.[3] Thereafter, in Count II, the State again charged, prosecuted, convicted and sentenced him for the kidnapping of Tana Renee Meeks.[4]
Meeks reminds us that, not only was he convicted of capital murder, the offense of which the kidnapping of Tana Renee Meeks was a constituent part, he was thereafter subjected to a sentencing trial wherein the State sought the penalty of death. To be sure, the jury unanimously decided to fix Meeks' sentence at life imprisonment. Meeks' present point is that he could never have been exposed to the death penalty had the jury not found him guilty, not only of the murder of Linda Meeks, but also the kidnapping of Tana Renee Meeks.
At the outset we note there is no offense to the constitution in the Circuit Court's putting Meeks to trial simultaneously on all counts and charges in the indictment. Ohio v. Johnson,467 U.S. 493, 500-01, 104 S.Ct. 2536, 2541-42, 81 L.Ed.2d 425, 434 (1984). The question is whether Meeks may be punished for Section97-3-19(2)(e)/capital murder/kidnapping by a sentence of life imprisonment and thereafter by a consecutive thirty year sentence for Section 97-3-53 kidnapping.
We begin with the traditional homage to Blockburger, our most durable gloss on double jeopardy jurisprudence. See Blockburgerv. United States, 284 U.S. 299, 303, 52 S.Ct. 180, 181-182, 76 L.Ed. 306 (1932). Blockburger arose in the context of multiple punishments imposed for a single offense. It accepts that legislatures, federal there but state as well, are free to define crimes and prescribe punishments. See Upshaw v. State,350 So.2d 1358, 1360 (Miss. 1977); Gabriel v. Brame, 200 Miss. 767, 773, 28 So.2d 581, 582 (1947). It holds, however, that the courts may not impose for one de jure offense more than lawfully the prescribed punishment. See North Carolina v. Pearce,395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).
The Blockburger rule has particular application in the lesser included offense context. If an individual is charged with two offenses, and all of the elements of one are included within and are a part of a second greater offense, Blockburger intervenes. It charges that we compare statutory offenses, as indicted, and see whether each requires proof of a fact which the other does not. The several prosecutions for capital murder and the burglary of Linda Meeks' home and the assault on Christopher Meeks pass muster under this standard. See Brock v. State, 530 So.2d 146, 149-50 (Miss. 1988); Hughes v. State, 401 So.2d 1100, 1102-1105 (Miss. 1981). On the other hand, where no further evidence is needed to establish the lesser offense, once the prosecution has proved the greater offense, punishment for the lesser is barred.Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309;Whalen v. United States, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715, 724 (1980). Put *Page 752 
another way, the defendant may be convicted and punished for one of those offenses — the greater or the lesser included — but not both. See Grady v. Corbin, 495 U.S. 508, 517-18, 110 S.Ct. 2084, 2091-92, 109 L.Ed.2d 548, 562 (1990); Illinois v. Vitale,447 U.S. 410, 419-20, 100 S.Ct. 2260, 2266-67, 65 L.Ed.2d 228, 237-38 (1980); Brown v. Ohio, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977); Harrelson v. State, 569 So.2d 295, 296-97 (Miss. 1990).
All of this fits the present point quite nicely. Here the legislature has prescribed death or life imprisonment, as the jury may determine, as the punishment for the murder/kidnapping variant of capital murder. Miss. Code Ann. § 97-3-21 (Supp. 1988). The jury gave life. Blockburger on its face pretermits an additional thirty years imprisonment for the self-same kidnapping. Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). The Count I/Section 97-3-19(2)(e) charge of capital murder effectively put Meeks in jeopardy for kidnapping Tana Renee Meeks. We say this in the sense that the kidnapping was a constituent element of the capital murder charge. The Count II/Section 97-3-53 charge of kidnapping called for proof of the same kidnapping of Tana Renee Meeks. To be sure, Count I calls for more, proof of the kidnapping-plus, but nothing in Count II required that the prosecution prove a fact not necessary to Count I. Conceptually Count II/kidnapping is a garden variety lesserincluded offense to Count I/capital murder and may not be separately punished, simultaneously or consecutively.
A case close to the mark, but for today's fact of concurrent and not subsequent prosecution, is Harris v. Oklahoma,433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). In Harris, the defendant was convicted of felony-murder in Oklahoma. The underlying felony was robbery with firearms, proof of which provided the intent necessary for the felony murder conviction. The defendant was then brought to trial and convicted on a separate charge of robbery with firearms. He protested on the basis of double jeopardy. The Supreme Court held:
 "When as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution of the lesser crime after conviction of the greater one.[fn.omitted] [citation omitted] [A] person [who] has been tried and convicted for a crime which has various incidents included in it, . . . cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." [citation omitted].
Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). On today's indictment, Meeks could not have been found guilty of capital murder had he not been found guilty of kidnapping Tana.
Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) is to like effect. The accused raped and killed a woman in the District of Columbia. He was tried and convicted of first degree murder — a felony murder offense proscribing killing in the course of committing certain enumerated felonies, including rape. As here, Whalen was simultaneously tried, convicted, and given a separate sentence, for the rape arising from the same incident. For the murder, the trial court sentenced Whalen to imprisonment of twenty years to life. Separately, the court ordered that, consecutive to his service of his sentence for murder, Whalen serve fifteen years to life on his rape conviction. Relying on a District of Columbia codification of Blockburger, the Whalen Court said "No," because
 (a) conviction for killing in the course of rape cannot be had without proving all the elements of the offense of rape.
Whalen, 445 U.S. at 693-94, 100 S.Ct. at 1438-39, 63 L.Ed.2d at 725. Blockburger allows separate convictions and punishments only where each offense requires proof of a fact which the other does not.
The prosecution would have us find our legislature has nonetheless provided separate offenses and separate consecutive punishments, citing Missouri v. Hunter, *Page 753 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). We have carefully reviewed the statutes and find nothing of the sort. Our kidnapping statute, Section 97-3-53, has for years defined that offense as it does today. See Miss. Laws, ch. 301 (1932). Once a capital offense, the legislature enacted in that the maximum punishment be thirty years, except a jury may imprison the defendant for life. Miss. Laws, ch. 576, § 3 (1974). Interestingly, as a part of the same bill, the legislature enacted what is today Section 97-3-19(2)(e) — the felony murder/capital murder statute under which Meeks has been convicted and sentenced. Miss. Laws, ch. 576, § 6 (1974). It enumerated kidnapping as one of the felonies that may enhance murder to capital murder, and makes it punishable by death or life imprisonment as the jury may determine.
To be sure, neither Section 3 nor Section 6 of the 1974 enactment mentions the other. The point is the legislature has said nothing removing these from our familiar jurisprudence regarding lesser and lesser included offenses. Three discrete circumstances abound within our criminal code. Two or more statutes may proscribe the same conduct, in the sense that the constituent elements of each mirrors the other. Compare attempted murder, Miss. Code Ann. §§ 97-1-7 and -3-19(1)(a) (1972 and Supp. 1991); also felony child abuse resulting in the death of the child, Miss. Code Ann. §§ 97-3-19(2)(e) and -3-27 (Supp. 1991 and 1972). Where one carries a greater punishment than the other, we hold the prosecution may elect and the accused may not complain.See McGowan v. State, 541 So.2d 1027, 1030 (Miss. 1989). Then there are the lesser variants of the same offense. A man may arm himself and break and enter an occupied dwelling at night, Miss. Code Ann. § 97-17-23 (1972), and his conduct offends any one of several lesser burglary statutes. Miss. Code Ann. §§ 97-17-19 and -21 (1972). Finally, there are the traditional lesser included offenses, aggravated assault included within murder, trespass included within larceny among others. Jones v. State, 66 Miss. 380, 384, 6 So. 231, 232 (1889). In each of these three circumstances, the state may convict of the greatest offense and inflict the severest punishments. See Weaver v. State,497 So.2d 1089, 1092 (Miss. 1986); Grillis v. State, 196 Miss. 576, 586, 17 So.2d 525, 527 (1944). But the law of this state would not begin to countenance in such cases multiple punishments, as though the accused had committed severable offenses.
There is a more fundamental view. In reading Blockburger and progeny, we commit a familiar sin. We strain to see whether this case fits within Blockburger's latest refinement. We search outBlockburger's every nuance, returning to our own facts to ask, is this what Blockburger means? We overlook the constitutional text itself, for it is by that text Blockburger must eternally be judged. The text tells us much today. The federal constitution tells us Meeks may not "be twice put in jeopardy" for the kidnapping of Tana Renee Meeks, and when it tells us this, we see how simple the present point is. The State of Mississippi placed Alvin Meeks in jeopardy for the kidnapping of Tana when it charged him in Count I with capital murder. Not only did that jeopardy include trial and a finding of verdicto. For the kidnapping of Tana Meeks, he was placed in jeopardy of the penalty of death. That the prosecution's reach exceeded its grasp does not diminish the de facto and de jure jeopardy in which it put Alvin Meeks. Having done this, the state could not at once put Meeks in further jeopardy in the form of consecutive punishment for that legally discrete combination of conduct constituting the kidnapping of Tana. Yet it did so in Count II, and that the jeopardy was not precisely the same — only exposure to "life imprisonment" and actual sentence of thirty years, hardly operates to take the case out of the rule.
It may well be that the prosecution could have achieved the practical end it here defends through other means. Had it selected burglary as the underlying felony incident to the capital murder charge, see Miss. Code Ann. § 97-3-19(2)(e) (Supp. 1988), and left the kidnapping of Tana wholly aside from that charge, likely separate prosecution and double conviction would stand. *Page 754 
Further, had the prosecution not been so intent on seeking the penalty of death, it could have indicted and prosecuted Meeks for murder under Section 97-3-19(1) and separately prosecuted him for the kidnapping of Tana and, upon conviction of each, obtained consecutive sentences that would likely withstand review. Neither of these courses was chosen. The record before us reflects that Meeks was indicted, tried and found guilty of capital murder, with the kidnapping of Tana Meeks as the underlying felony, and thereafter exposed to trial for his life. By reason thereof, the Constitution precludes the state punishing him further for the kidnapping of Tana Meeks via Count II of the indictment.[5]
 IV.
Meeks complains that his wife was permitted, over his objection, to testify against him. It is certainly true that at trial, Tana Renee Meeks was called as a witness for the prosecution and told in great detail of the ordeal to which she was subjected, but there was no error in this.
The point comes in two forms, and with like results. Tana Meeks was competent as a witness against her husband by reason of the fact that she was the victim of the alleged crime. Rule 601(a)(1), Miss.R.Ev.;[6] see also, Stubbs v. State,441 So.2d 1386, 1387-88 (Miss. 1983); Maiben v. State,405 So.2d 87, 88-90 (Miss. 1991). This is so as well in the prosecution for offenses against Linda Meeks and Christopher Meeks. Tana testified in the course of four simultaneous prosecutions. What is important is that all arose out of the same episode or occurrence or, as some might say, the four charges were bound by a common nucleus of operative fact.
Insofar as her testimony included communications between herself and her estranged husband, she falls within a well defined exception to the husband-wife privilege, to-wit: Rule 504(d), Miss.R.Ev., which provides, relevant part:
 There is no privilege . . . in a proceeding in which one spouse is charged with a crime against the person or property of (1) the other, . . . or (4) a third person committed in the course of committing a crime against any of the persons described in . . . this Rule.
Meeks committed crimes against Linda Meeks and her property and against Christopher Meeks in the course of committing a crime against Tana Meeks. The Circuit Court handled the matter correctly.
 V.
Alternatively, Meeks argues he was impermissibly restricted at trial in cross-examining Tana. It seems Tana refused to speak with investigators he had hired prior to trial, and Meeks complains the Circuit Court would not let his counsel probe the point. In chambers, Tana admitted the offense, such as it is, but denies she was instructed by the prosecution. She says she just didn't feel like talking to the investigator. She said she had already told her story to the police and thought the investigator could get a copy of that, without her *Page 755 
having to go through the story again. Tana said she met with the district attorney once, maybe twice, to discuss her testimony. She didn't take anyone's advice not to talk to the investigator. She said the prosecutor told her she could talk to the defendant's investigators if she wanted, but did not have to talk with them.
This state allows wide-open cross-examination of any "matter affecting the credibility of the witness." Rule 611(b), Miss.R.Ev.; Sayles v. State, 552 So.2d 1383, 1385 (Miss. 1989);Miskelley v. State, 480 So.2d 1104, 1111-1112 (Miss. 1985). This cross-examination includes a witness' possible interest, bias or prejudice in a case. Rule 616, Miss.R.Ev.; Hill v.State, 512 So.2d 883 (Miss. 1987); Sayles, 552 So.2d at 1386; Miss. Code Ann. § 13-1-13 (1972). See also, Rule 3.05, Miss. Unif.Cir.Ct.R. (1982); and Rule 5.08, Miss. Unif.Crim.R.Cir.Ct.Prac. (1979).
It is not clear we have here a matter touching interest, bias or prejudice. We know trial courts frequently allow such cross-examination, and there is certainly no error in this. Giving Meeks the benefit of the doubt, we can say with confidence that the error, if any, had no significant effect on Meeks' right to a fair trial or any other substantial right he enjoyed. We hold the point sufficiently insignificant that we should not reverse. See Rule 103(a), Miss. R.Ev.
 VI.
Meeks argues the Circuit Court erred when it refused to allow him to reopen his case. After the prosecution and the defense had rested, the Court ordered a recess before considering the proposed jury instructions. At the conclusion of the recess, defense counsel approached the bench and moved that he be allowed to reopen the case for the defense. Our context is Tana Meeks' testimony on direct examination: that Meeks threatened to kill her several times, and that he laughed when she mentioned Linda's death. Defense counsel did not cross-examine on these points, but claimed this an inadvertent oversight and asked the Court that he might reopen his case. The Court denied the request but allowed Meeks a proffer for the record. Meeks then testified he did not threaten to kill Tana Meeks, nor did he laugh about killing Linda Meeks.
Of course, a trial court has considerable discretion on points such as this. Particularly where nothing has transpired following the party's announcement that he rest his case, the Court has the authority to allow reopening. See Thomas v. State,474 So.2d 604, 606 (Miss. 1985); Coburn v. State, 250 Miss. 684, 692,168 So.2d 123, 127 (1964); Riley v. State, 248 Miss. 177, 186-87,157 So.2d 381, 384-385 (1963); Clark v. State, 181 Miss. 455, 462, 180 So. 602, 603 (1938); Roney v. State, 167 Miss. 827, 831-32, 150 So. 774, 775 (1933).
In searching the present record for a possible abuse of that discretion, we note Meeks did testify on direct that Tana was with him of her own free will and was not kidnapped. He further denied pushing her off the hill on the Natchez Trace. He also said he did not kill Linda Meeks. He said he had no bad blood toward Linda, in fact, he liked her.
Given the circumstances, the Circuit Court would hardly have erred had it allowed Meeks to reopen. Meek's proffer, however, was not so overwhelming, nor did it add so much to Meeks' former testimony as to create any real, much less serious, doubt of his guilt. Assuming arguendo the Court abused its discretion in not allowing the reopening, we find the error harmless.
 VII.
Meeks raises a number of other issues, none of which merit either discussion or reversal. Williams v. State,595 So.2d 1299, 1310 (Miss. 1992); Turner v. State, 573 So.2d 1340, 1343 (Miss. 1990); Morea v. State, 329 So.2d 527 (Miss. 1976).
CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IN PRISON AFFIRMED; CONVICTION OF BURGLARY AND SENTENCE OF TEN YEARS, THE SENTENCE TO BE *Page 756 
SERVED CONSECUTIVE TO THE SENTENCE IMPOSED UPON THE CAPITAL MURDER CONVICTION, AFFIRMED; CONVICTION OF ASSAULT AND SENTENCE OF SIX MONTHS IMPRISONMENT TO BE SERVED CONCURRENTLY AFFIRMED; CONVICTION OF KIDNAPPING AND SENTENCE OF THIRTY YEARS IMPRISONMENT REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P. JJ., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
[1] There is no hint in the record before us that Meeks kidnapped anyone other than Tana Renee Meeks.
[2]
 No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . . .
U.S. Const. Amend. V.
 No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.
Miss. Const., Art. 3, § 22.
[3] The capital murder statute sets forth:
 (2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:
 . . . . .
 (2) When done with or without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or nonconsensual unnatural intercourse with mankind, or in any attempt to commit such felonies; . . .
Miss. Code Ann. § 97-3-19(2)(e) (Supp. 1991).
[4] Mississippi law prescribes kidnapping as:
 Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, or shall without lawful authority forcibly seize, inveigle or kidnap any child under the age ten (10) years and secretly confine such child against the will of the parents or guardian or person having the lawful custody of such child, shall upon conviction, be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the state penitentiary.
Miss. Code Ann. § 97-3-53 (Supp. 1991). This definition of kidnapping is what is meant by "kidnapping" in Section97-3-19(2)(e).
[5] The case of Bobby Glen Wilcher compels no contrary conclusion. See Wilcher v. State, 455 So.2d 727, 731-32 (Miss. 1984) and 448 So.2d 927 (Miss. 1984). Wilcher kidnapped Katie Belle Moore and Velma Odell Noblin and murdered each of them. He also robbed Noblin. Each kidnapping, plus the robbery, was eligible as a constituent element of each Section 97-3-19(2)(e) capital murder charge, and it mattered not which supported which. The first capital murder prosecution called for proof Wilcher murdered Noblin. The second proved he murdered Moore. Each charge required proof of a fact the other did not. That Wilcher might have been neater had the indictments not both charged all three underlying felonies is beside the point, as one would legally suffice, thus any doubling up is at worst harmless error.
[6] The rule in pertinent part reads:
 RULE 601. GENERAL RULE OF COMPETENCY
 Every person is competent to be a witness except as restricted by the following:
 (a) In all instances where one spouse is a party litigant the other spouse shall not be competent as a witness without the consent of both, except as provided in Rule 601(a)(1) or Rule 601(a)(2):
 (1) Husbands and wives may be introduced by each other in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them;