KITCHENS, JUSTICE,
concurring in part and dissenting in part:
¶ 18. I agree with the majority that errors affecting fundamental constitutional rights are excepted from the procedural bars of the Uniform Post-Conviction Collateral Relief Act (“UPCCRA”). Miss. Code Ann. § 99-39-21 (Rev.2007). I do not think, however, that there is any compelling reason to remand this case to the trial court for an evidentiary hearing, because no additional proof is required for a sound judicial determination that Row *509 land’s convictions for armed robbery run afoul of the federal and state constitutional provisions concerning former jeopardy. Therefore, I respectfully dissent in part and would grant Rowland post-conviction relief by vacating the two armed robbery convictions.
¶ 19. The issue of whether Rowland has been subjected to double jeopardy is properly before the Court as a question of law, and should be given de novo review. Brown v. State, 731 So.2d 595, 598 (Miss.1999). In other words, we review the issue anew, without deference to the trial court’s judgment. Univ. of S. Miss. v. Williams, 891 So.2d 160, 167-68 (Miss.2004) (citing N. Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995)). Thus, the trial court’s failure to address the issue is of no consequence to its resolution by this Court. When a petitioner is entitled to judgment as a matter of law, this Court has the authority and the duty to grant the petition and render the appropriate judgment. Indeed, remanding Rowland’s case to the trial court for an evidentiary hearing will only hinder judicial economy, and, in my humble judgment, will amount to a buck-passing exercise by us. Duhart v. State, 981 So.2d 1056, 1058 (Miss.Ct.App. 2008).
¶ 20. Determining whether Rowland was punished more than once for the same armed robbery is easily accomplished at the appellate level, and the only evidence needed to address the issue can be found by examining the four indictments included in the record. Two homicides and an armed robbery occurred at the Leflore County Country Club on February 16, 1979. Three men, including the petitioner, Robert Stanley Rowland, were arrested and indicted in connection with those tragic and brutal events. The grand jury returned four joint indictments against those three men. Two of the indictments were for capital murder, for the deaths of James Campbell and Paul Hughes, respectively, in which armed robbery was pled as the felony underlying the homicides. It was alleged that the death of Campbell was committed during the armed robbery of “Pat Bolton and others,” and that the death of Hughes was committed during the armed robbery of “O.B. Singleton and others.” The two remaining indictments undertook to charge the three defendants, jointly, with two counts of armed robbery, one from Pat Bolton and one from O.B. Singleton.
¶ 21. Although the four indictments were drafted in a manner that sought to turn one robbery into multiple robberies, it is clear that there was but one robbery. Thus, the robbery that was pled as the underlying felony in the two capital murder indictments was the same robbery as that pled in the two separate armed robbery indictments. This clearly violates the constitutional prohibitions against multiple punishments for the same offense. U.S. Const, amend. V (“nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb”); Miss. Const, art. 3, § 22 (“[n]o person’s life or liberty shall be twice placed in jeopardy for the same offense”).
¶ 22. In Meeks v. State, 604 So.2d 748, 750 (Miss.1992), the defendant was convicted on four counts: (1) capital murder in the commission of a kidnapping, (2) kidnapping, (3) burglary, and (4) assault. Meeks appealed to this Court after the trial court denied his motion for judgment of acquittal notwithstanding the verdict on the kidnapping charge. Id. We held that Meeks could not be punished for “capital murder/kidnapping by a sentence of life imprisonment and thereafter by a consecutive thirty year sentence for ... kidnapping.” Id. at 751. In so deciding, this Court explained, “where no further evi *510 dence is needed to establish the lesser offense, once the prosecution has proved the greater offense, punishment for the lesser is barred. Put another way, the defendant may be convicted and punished for one of those offenses — the greater or the lesser included — but not both.” Id. at 751-52 (citations omitted). See also Fuselier v. State, 654 So.2d 519, 522 (Miss.1995) (“Convicting Fuselier of both felony murder and the underlying felony was also a violation of Fuselier’s Fifth Amendment right against double jeopardy.”).
¶ 28. An application of the reasoning in Meeks to the case at bar leads to the inescapable conclusion that Rowland’s two convictions for capital murder (with armed robbery as the underlying felony of both counts), plus two convictions for the same armed robbery constitute not one, but two instances of double jeopardy. In other words, here we are presented with a clear case of triple jeopardy.
¶ 24. If there were any doubt of this, it is removed when we consider the statement of the district attorney, Mr. Everett, when he outlined the State’s theory of the cases, thus providing a factual basis for the trial court’s acceptance of the defendants’ guilty pleas, at the plea and sentencing hearing:
BY MR. EVERETT:
On the night of February 16, 1979, a group of citizens was at the Leflore County Country Club, a short distance outside of Greenwood in Leflore County, Mississippi, at a social event, that social event being a poker game, when three individuals, masked and dressed similarly with their identification completely concealed and armed with shotguns, entered the room and proceeded to perform an armed robbery with firearms of this group of individuals. They had the men line up against the wall of the building or the room with their backs toward the defendants. And as one of the defendants was reaching across the table where the game had been held to pick up the money, a shotgun then discharged and shot James Campbell in the back, and killing James Campbell. The shotgun then discharged again and the shot went into the ceiling of the room. At that time, Paul Hughes, one of the participants in the game, broke and ran to get out of the place and he was shot in the back and killed by one of the individuals in the robbery ....
(Emphasis added.)
¶ 25. The district attorney’s description of an armed robbery, and the robber-y reinforce what is patently obvious from a plain reading of the four indictments: there was but one robbery. Under the factual recitation by the district attorney, to which Rowland pled guilty, the grand jury, with impunity, could have indicted Rowland for non-capital murder for the death of James Campbell, for non-capital murder for the death of Paul Hughes, and for a single armed robbery of all of the men in the group mentioned by the district attorney, from whose presence the money on the table was forcibly taken. But when the grand jury chose to combine the homicides with the robbery in order to craft the two capital murder indictments — which was the grand jury’s prerogative — this foreclosed the grand jury’s separately charging Rowland with armed robbery. Fuselier, 654 So.2d at 522.
¶ 26. Even without the prosecutor’s statements, this Court has before it more than ample information on which to act dispositively with regard to the two armed robbery indictments. Rowland’s convictions and sentences on the armed robbery charges are, and always have been, complete legal nullities. Remanding Rowland’s case for an evidentiary hearing is an unnecessary redundancy because the de *511 fendant has shown enough to establish that he is entitled to immediate relief. We should, therefore, without delay, treat the robbery charges as the legal nullities that they are and order Rowland’s convictions and sentences for the armed robbery offenses vacated.
GRAVES, P.J., JOINS THIS OPINION IN PART.