IRVING, P. J.,
for the Court:
¶ 1. In January 2000, Willie Ray Lay was indicted for capital murder with burglary as the predicate offense. In March 2000, Lay pleaded guilty in the Scott County Circuit Court to reduced charges of simple murder and burglary of a dwelling. Lay was sentenced to life in the custody of the Mississippi Department of Corrections for the murder and to twenty-five years for the burglary, with the burglary sentence to run consecutively to the murder sentence. More than nine years later, in May 2009, Lay filed a motion for post-conviction relief in the circuit court, alleging that his burglary conviction is illegal. The circuit court summarily dismissed the motion as untimely and as a successive writ. Lay now appeals and asserts that the circuit court erred in dismissing his motion.
¶ 2. We find that Lay’s sentence is not illegal. Consequently, we affirm the circuit court’s judgment.
FACTS
¶ 3. Lay’s indictment for capital murder states:
WILLIE RAY LAY ... did willfully, unlawfully, feloniously, without authority of law and with deliberate design to effect the death of the person killed, or of any human being, did kill and murder one Peggy Prestage, a human being, while he, the said Willie Ray Lay, was then and there engaged in the commis *1110 sion of the felony crime of burglary, to-wit: breaking and entering the dwelling house of Willie Prestage and Peggy Prestage with the intent to steal, contrary to and in violation of Section 97-3-19(2)(e), Mississippi] Code of 1972, as amended[.]
(Emphasis added). Lay eventually pleaded guilty to simple murder and to burglary, although his indictment was never amended.
¶ 4. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. The circuit court dismissed Lay’s motion due to several procedural bars, including the motion’s untimeliness and its status as a successive writ.[1] Generally, a movant has three years in which to file a motion for post-conviction relief after entering a plea of guilty. Miss.Code Ann. § 99-39-5(2) (Supp.2010). Movants are also prohibited from filing successive writs challenging their convictions. Miss. Code Ann. § 99-39-23(6) (Supp.2010). However, “errors affecting fundamental constitutional rights are excepted” from procedural bars, such as the three-year time limit and the prohibition against successive writs. Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). An illegal sentence is an error affecting a fundamental constitutional right. See id. at 507-08 (¶¶ 12-14); Kennedy v. State, 732 So.2d 184, 186-87 (¶ 8) (Miss.1999); Ivy v. State, 731 So.2d 601, 603 (¶¶ 13-14) (Miss.1999).
¶ 6. The State argues the following regarding the sufficiency of Lay’s indictment:
Lay also claims that his guilty plea was not knowingly, voluntarily, and intelligently given. Lay claims that this is so because he was allowed to plead guilty to charges for which he was not indicted. However, it is entirely permissible to allows [sic] a defendant who has been indicted for a greater offense to enter of [sic] plea of guilty to a lesser or related offense. Young v. State, 797 So.2d 239, 242 (¶ 5) (Miss.Ct.App.2001); U.R.C.C.C.P. 8.04(B)(2).
The State is correct that a defendant can enter a plea of guilty to a lesser-included offense; however, the question is whether burglary is a lesser-included offense of capital murder as charged in Lay’s indictment. We find that the Mississippi Supreme Court’s decision in Meeks v. State, 604 So.2d 748 (Miss.1992) is dispositive of this issue.
¶ 7. In Meeks, Alvin Meeks was charged with capital murder and kidnapping, among other charges. In order to facilitate our discussion, we quote those charges from Meeks’s indictment:
COUNT I: did wilfully, unlawfully, and feloniously, and with deliberate design kill and murder Linda Meeks, a human being while he, the said Alvin J. Meeks, was engaged in the felony crime of kidnapping, in violation of Mississippi Code Annotated, Section 97 — 3—19(2)(e);
COUNT II: in said County and State on the 7th day of August, A.D., 1988[,] did wilfully, unlawfully[,] and feloniously[,] without lawful authority kidnap, or forcibly seize and confine Tana Renee Meeks against her will, in violation of Mississippi Code Annotated, Section 97-3-53 (Supplement 1987)[.]
Id. at 750. Meeks was convicted of both capital murder and kidnapping. Id. On *1111 appeal, he argued that his convictions constituted double jeopardy. Id. Our supreme court examined whether the convictions violated the prohibition against double jeopardy and concluded that kidnapping was, in fact, a lesser-included offense of capital murder, as charged in Meeks’s indictment. Id. at 749. In so finding, the court stated the following:
We begin with the traditional homage to Blockburger, our most durable gloss on double jeopardy jurisprudence. See Blockburger v. United States, 284 U.S. 299, 303, 52 S.Ct. 180,181[-82], 76 L.Ed. 306 (1932). Blockburger arose in the context of multiple punishments imposed for a single offense. It accepts that legislatures, federal there but state as well, are free to define crimes and prescribe punishments. See Upshaw v. State, 350 So.2d 1358, 1360 (Miss.1977); Gabriel v. Brame, 200 Miss. 767, 773, 28 So.2d 581, 582 (1947). It holds, however, that the courts may not impose for one de jure offense more than lawfully the prescribed punishment. See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The Blockburger rule has particular application in the lesser[-]included offense context. If an individual is charged with two offenses, and all of the elements of one are included within and are a part of a second greater offense, Blockburger intervenes. It charges that we compare statutory offenses, as indicted, and see whether each requires proof of a fact which the other does not. The several prosecutions for capital murder and the burglary of Linda Meeks’[s] home and the assault on Christopher Meeks pass muster under this standard. See Brock v. State, 530 So.2d 146, 149-50 (Miss.1988); Hughes v. State, 401 So.2d 1100, 1102[—05] (Miss.1981). On the other hand, where no further evidence is needed to establish the lesser offense, once the prosecution has proved the greater offense, punishment for the lesser is barred. Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309; Whalen v. United States, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715, 724 (1980). Put another way, the defendant may be convicted and punished for one of those offenses — the greater or the lesser included — but not both. See Grady v. Corbin, 495 U.S. 508, 517-18, 110 S.Ct. 2084, 2091-92, 109 L.Ed.2d 548, 562 (1990); Illinois v. Vitale, 447 U.S. 410, 419-20, 100 S.Ct. 2260, 2266-67, 65 L.Ed.2d 228, 237-38 (1980); Brown v. Ohio, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977); Harrelson v. State, 569 So.2d 295, 296-97 (Miss.1990).
All of this fits the present point quite nicely. Here the [Legislature has prescribed death or life imprisonment, as the jury may determine, as the punishment for the murder/kidnapping variant of capital murder. Miss.Code Ann. § 97-3-21 (Supp.1988). The jury gave life. Blockburger on its face pretermits an additional thirty years [] imprisonment for the self-same kidnapping. Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). The Count I/Section 97-3-19(2)(e) charge of capital murder effectively put Meeks in jeopardy for kidnapping Tana Renee Meeks. We say this in the sense that the kidnapping was a constituent element of the capital [~]murder charge. The Count II/Section 97-3-53 charge of kidnapping called for proof of the same kidnapping of Tana Renee Meeks. To be sure, Count I calls for more, proof of the kidnapping-plus, but nothing in Count II required that the prosecution prove a fact not necessary to Count I. Conceptually [,] Count Il/kidnapping is a garden [-Ivariety lesser [-]included of *1112 fense to Count I/capital murder and may not be separately punished, simultaneously or consecutively.
Id. at 751-52 (emphasis added).
¶ 8. The same logic applies to Lay’s indictment. The indictment charged Lay with capital murder, with an underlying predicate offense of burglary. The capital murder could not be charged without also charging burglary. Therefore, under the reasoning of Meeks, the burglary as charged in Lay’s indictment, although an element of the crime of capital murder, also constituted a lesser-included offense of his capital-murder charge. We note that Lay’s indictment also clearly put Lay on notice that he was charged with burglary as part of his capital-murder charge, which essentially had two separate lesser-included offenses: simple murder and burglary. As both simple murder and burglary constitute lesser-included offenses of the capital-murder charge in Lay’s indictment, his convictions and sentences for burglary and simple murder are entirely appropriate. His arguments to the contrary are without merit.
¶ 9. Lay also complains about the effectiveness of his counsel, because his counsel allowed him to plead guilty to burglary without being separately indicted. Inasmuch as we have already found that it was appropriate for Lay to plead guilty to burglary without a separate indictment, it necessarily follows that his counsel was not ineffective for allowing him to plead guilty to the lesser charge of burglary without being separately indicted for it. Accordingly, this contention of error is also without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.

. Lay previously filed an appeal from a motion for post-conviction relief, which the Mississippi Supreme Court issued a per curiam affirmance of in 2004.