IRVING, P.J.,
for the Court:
¶ 1. On May 16, 2011, a Hinds County jury convicted James Lee Mack Jr. of capital murder, Count I, and arson, Count II. The circuit court sentenced Mack to life on Count I and to twenty years on Count II, with the sentence in Count II to run consecutively to the sentence in Count I, all in the custody of the Mississippi Department of Corrections, without eligibility for parole or probation. Mack filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial, which the court denied. Feeling aggrieved, Mack appeals and argues that the circuit court erroneously prohibited him from presenting a meaningful defense by preventing him from cross-examining the State’s main witness regarding the witness’s prior conviction.
¶ 2. Finding no error, we affirm.
FACTS
¶ 8. Mack met Christopher Newsome over a chat line for homosexuals. New-some contacted Mack and suggested that they meet to have sex. Mack agreed, but secretly intended to rob Newsome. The two met at a vacant house on Flag Chapel Road in Jackson, Mississippi. Mack arrived with a loaded .880 pistol. When Newsome arrived, Mack pulled out the pistol, pointed it at Newsome, and instructed him to go into the bathroom in the vacant house. Mack told Newsome to give him his keys and wallet, and New-some complied. Soon after Newsome gave Mack his belongings, Mack killed New-some. Mack drove Newsome’s car to a nearby gas station and purchased gas. He returned to the house, poured gas in various rooms within the house, and set the house on fire.
¶ 4. Afterwards, Mack visited Dexter Walker, a friend of Mack’s family and his previous roommate. Mack told Walker that he had “murked that n* * * *,” which Walker understood to mean that Mack had killed someone. During Mack’s visit with Walker, Walker saw Mack with Newsome’s wallet and credit cards. After Mack left Walker’s apartment, Walker contacted the Jackson Police Department. He told the police officers everything that Mack had told him and that he saw Mack driving Newsome’s white Nissan.
¶ 5. Based on the information that officers received from Walker, a warrant was issued for Mack’s arrest. Mack voluntarily reported to the police station. He detailed his involvement with Newsome’s murder as follows:
Last night he pulled in the driveway. He hopped out of the car. I followed him towards the door. [I pjulled the pistol out and I told him to ... go to the bathroom[,] and I told him to give me his wallet and his car keys. He gave me the wallet and the car keys. He turned around and I felt like he was about to do something because he had that look in his eyes, and I turned around. The gun was cocked and there wasn’t anything left to do but shoot him. When he gave me that look, I feared for my life and I pulled the trigger. I left and came back. I went to the gas station on the hill and got some gas. Came back[,] thr[ew] it around the house, lit the match, and left out. I was just going to mess the scene up to make it look like a fire. I dash[ed] gas on the walls, front room floor, and the bathroom. I think I shot him in the chest and he fell back into the tub.
*232 ¶ 6. At trial, Walker testified as the State’s main witness. He stated that he did not believe that Mack had killed anyone until he saw him with Newsome’s credit cards and wallet. However, Walker could not recall seeing Mack driving New-some’s car, or any similar car, on the morning of Newsome’s murder.
¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. Mack argues that the circuit court prevented him from presenting a meaningful defense by prohibiting him from cross-examining Walker regarding Walker’s prior armed-robbery conviction. “Limitations on cross-examination are reviewed for abuse of discretion.” Anthony v. State, 108 So.3d 394, 397 (¶ 5) (Miss.2013) (quoting Jefferson v. State, 818 So.2d 1099, 1109 (¶ 24) (Miss.2002)). “[Appellate courts] will affirm the [circuit] court’s exercise of discretion unless the ruling resulted in prejudice to the accused.” Id. (citing Clark v. State, 40 So.3d 531, 542 (¶ 29) (Miss.2010)). “Mississippi allows wide-open cross-examination of any matter that is relevant, including the possible interest, bias, or prejudice of the witness.” Id. (¶ 6) (citing Meeks v. State, 604 So.2d 748, 755 (Miss.1992)). “For the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or intent of the witness for or against any party to the case is admissible.” Id. (quoting M.R.E. 616).
¶ 9. The admissibility of Walker’s 1994 armed-robbery conviction for the purpose of attacking his character for truthfulness is governed by Mississippi Rule of Evidence 609, which reads, in pertinent part, as follows:
(a) General Rule. For the purpose of attacking the character for truthfulness of a witness, ... evidence that ... a nonparty witness has been convicted of a crime shall be admitted subject to [Mississippi Rule of Evidence] 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was eonvicted[.]
(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by the specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
¶ 10. Here, the circuit court determined that Walker’s conviction was inadmissible under Rule 609 because it was approximately seventeen years old and had no probative or impeachment value. We cannot find that the circuit court abused its discretion by prohibiting cross-examination regarding Walker’s 1994 conviction. Not only is Walker’s conviction over ten years old, Mack has failed to present any evidence that Walker’s prior conviction or the circumstances surrounding Walker’s prior conviction would have offered any probative value in the case against Mack. Additionally, there is no evidence that Walker’s testimony was motivated by any animus against Mack. Accordingly, we find that *233 the circuit court did not err in prohibiting cross-examination regarding Walker’s seventeen-year-old armed-robbery conviction. This issue is without merit.
¶11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, CAPITAL MURDER, AND SENTENCE OF LIFE; AND COUNT II, ARSON, AND SENTENCE OF TWENTY YEARS, WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.