# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00927-COA

**WILLIE RAY LAY A/K/A WILLIE LAY**                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2019 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIE RAY LAY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST- CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/30/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     In January 2000, Willie Ray Lay was indicted for capital murder with burglary as the underlying offense. In March 2000, Lay pled guilty to reduced charges of simple murder and burglary of a dwelling. The court sentenced Lay to life in prison in the custody of the Mississippi Department of Corrections for the murder and to twenty-five years for the burglary, with the burglary sentence to run consecutively to the murder sentence.

¶2.     Lay filed his first motion for post-conviction relief (PCR) on August 27, 2001, which the circuit court denied on November 20, 2001. Lay did not appeal.

¶3.     On July 21, 2002, Lay filed a second PCR motion, claiming that he was not competent to plead guilty and that the circuit court erred in failing to conduct a competency hearing. The

circuit court denied the motion on September 26, 2002. The Mississippi Supreme Court issued a per curiam affirmance on June 24, 2004.

¶4. In May 2009, Lay filed his third PCR motion in the circuit court, alleging that his burglary conviction was illegal and that his indictment was defective. The circuit court summarily dismissed the motion as untimely and as a successive motion. This Court affirmed the circuit court's decision in *Lay v. State*, 75 So. 3d 1108 (Miss. Ct. App. 2011).

¶5. On April 23, 2019, Lay filed a fourth PCR motion—the subject of this appeal. Lay claimed that his indictment failed to charge the crime of burglary, that the circuit court failed to conduct a competency hearing, and that he received ineffective assistance of counsel. After review, the circuit court dismissed Lay's PCR motion, finding his claims were time-barred and successive-writ barred. Further, the circuit court found that, procedural bars notwithstanding, Lay's claim of a defective indictment was without merit. Lay appealed. Finding no error, we affirm the circuit court's dismissal of Lay's PCR motion.

## STANDARD OF REVIEW

¶6. "When reviewing a [trial] court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999) (citing *Bank of Miss. v. S. Mem'l Park Inc.*, 677 So. 2d 186, 191 (Miss. 1996)). Questions of law are reviewed de novo. *Id.*

## ANALYSIS

¶7. At the outset, we agree that Lay's claims are clearly time-barred. A defendant who pleads guilty to a charge has three years after entry of the judgment of conviction to apply for relief under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Lay pled guilty in 2000, and he filed this PCR motion in 2019.

¶8. Moreover, Lay's claims are also barred as successive motions. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and . . . shall be a bar to a second or successive motion under this article." As previously stated, this is Lay's fourth PCR motion concerning his Scott County conviction. Accordingly, the circuit court correctly dismissed his instant PCR motion as successive based on section 99-39-23(6).

¶9. Lay claims that an exception applies to his procedural bars, namely that his due-process rights were violated through a defective indictment, lack of a competency hearing, and ineffective assistance of counsel. To establish an exception, Lay must show a violation of one of his fundamental constitutional rights. *See Rowland v. State*, 42 So. 3d 503, 507 (¶11) (Miss. 2010). The following "fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right to not be subject to ex post facto laws." *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018), *cert. denied*, 265 So. 3d 181 (Miss. 2019). In "extraordinary circumstances," the right to effective assistance of counsel may also be excepted from the UPCCRA's

3

procedural bars." *See Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015).

However, "the mere assertion of a constitutional right violation does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (internal quotation marks omitted). Rather, there must be some basis of truth for his claim. *See Mays v. State*, 228 So. 3d 946, 948 (¶5) (Miss. Ct. App. 2017). "When a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013).

¶10. In reviewing Lay's claims, we find that none meet the fundamental-rights exception. First, Lay claims he was denied due process through a defective indictment. Generally, "claims alleging defective indictment are subject to the [Uniform Post-Conviction Collateral Relief Act] procedural bars." *Hays v. State*, 282 So. 3d 714, 718 (¶7) (Miss. Ct. App. 2019) (citing *Stokes v. State*, 199 So. 3d 745, 749 (¶13) (Miss. Ct. App. 2016)). However, "if his indictment failed to allege an essential element of the crime[,]" Lay would not be "precluded from raising that issue now." *See Wilson v. State*, 203 So. 3d at 765 (¶9). Lay claims that his indictment for capital murder with burglary as the underlying offense did not inform him that he was charged with burglary and that he was entitled to be informed of the nature and the cause of accusation against him. In a previous decision by this Court in *Lay v. State*, 75 So. 3d 1108 (Miss. Ct. App. 2011), this Court dealt with this exact issue and held that Lay's claim was without merit:

> The indictment charged Lay with capital murder, with an underlying predicate offense of burglary. The capital murder could not be charged without also

4

charging burglary. Therefore, under the reasoning of [*Meeks v. State*, 604 So. 2d 748 (Miss.1992)], the burglary as charged in Lay's indictment, although an element of the crime of capital murder, also constituted a lesser-included offense of his capital-murder charge. We note that Lay's indictment also clearly put Lay on notice that he was charged with burglary as part of his capital-murder charge, which essentially had two separate lesser-included offenses: simple murder and burglary. As both simple murder and burglary constitute lesser-included offenses of the capital-murder charge in Lay's indictment, his convictions and sentences for burglary and simple murder are entirely appropriate. His arguments to the contrary are without merit.

*Id*. at 1112 (¶8). Therefore, in accordance with this Court's opinion in *Lay*, we too find that Lay's claim is without merit. *Id*.

¶11. Second, Lay claims he was denied due process because the circuit court failed to conduct an on-the-record competency hearing. The Mississippi Supreme Court has held that the due process right not to stand trial or be convicted while incompetent is a fundamental right not subject to the PCR procedural bars. *See Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061 (Miss. 2017). Lay underwent two psychiatric evaluations, and both psychiatrists reported to the court that Lay was competent to stand trial. Lay contends that because he was ordered to undergo a mental exam, the circuit court was required to conduct a formal competency hearing before accepting his guilty plea in accordance with the Mississippi Supreme Court's ruling in *Sanders v. State*, 9 So. 3d 1132, 1136 (¶16) (Miss. 2009). Lay correctly points out that in *Sanders*, "the supreme court strictly interpreted Uniform Circuit and County Court Rule 9.06 to mandate a competency hearing in every case where the trial court has ordered a psychological exam." *Brown v. State*, 198 So. 3d 325, 331 (¶20) (Miss. Ct. App. 2015)

(quoting *Sanders*, 9 So. 3d at 1136 (¶16)). In *Brown*, this Court held for the first time that *Sanders* is *not* retroactive. *Brown*, 198 So. 3d at 331-32 (¶¶21-26). The Mississippi Supreme Court granted the petition for writ of certiorari, but ultimately the petition was dismissed. Because Lay pled guilty prior to the Supreme Court's decision in *Sanders*, his claim is without merit.

¶12. Finally, Lay argues that his counsel was ineffective for failing to investigate his mental health. Although in exceptional circumstances an ineffective-assistance claim might be excepted from the procedural bars, Lay's claim lacks any arguable basis to merit waiving them. *See Chapman v. State*, 167 So. 3d 1170, 1173-74 (¶¶10-13) (Miss. 2015). Because Lay has failed to substantiate his claim that a fundamental-rights exception exists, we find that his PCR is indeed untimely and a successive motion. The circuit court's judgment is affirmed.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**