208 So.2d 49 (1968)
Hosey ELLIS
v.
STATE of Mississippi.
No. 44687.
Supreme Court of Mississippi.
March 4, 1968.
Stanford Young, Waynesboro, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Hosey Ellis was tried in the Circuit Court of Wayne County on an indictment charging him with the murder of Emory "Shep" Worsham. He was convicted of manslaughter and sentenced to serve a term of four years in the penitentiary. From that conviction and sentence, he has prosecuted this appeal.
The homicide resulted from a shoot-out between Ellis and Worsham in which Ellis received a shotgun wound in the head and Worsham was shot once in the leg with a pistol. Worsham died ten days later from a pulmonary embolism deriving from the wound. The defense interposed by Ellis at the trial was self-defense and it is beyond question that Ellis was shot at by Worsham. A photograph in the record shows that several of the shotgun charges struck Ellis' automobile, and that one such charge blew out the entire back window of the car. Nor is it disputed that Ellis received a head wound from some of the shotgun *50 pellets. It was the theory of the prosecution that, following a fight that afternoon in which Worsham had beat Ellis with a tire iron, breaking a finger and injuring his head and arm, Ellis armed himself and sought out Worsham for the purpose of killing him.
Both men had records of previous homicide convictions and the case, upon the evidence as to which was the aggressor, is close. However, we are unable to say that the evidence was incapable of supporting a finding that Ellis was the aggressor, nor can we say that he was entitled to have the jury peremptorily instructed to find him not guilty.
The prosecution requested and was granted this instruction:
The Court instructs the Jury for the State that the law of self-defense as defined in these instructions does not imply the right of attack. If you believe from the evidence the defendant armed himself with a deadly weapon and sought the deceased with the formed felonious intention of invoking a difficulty with the deceased, or brought on, or voluntarily entered into any difficulty with the deceased with the felonious intient (sic) to kill and murder the deceased, then the defendant cannot invoke the law of self-defense no matter how imminent the peril in which he found himself, unless you further believe from the evidence that the defendant acting in good faith, attempted to abandon the difficulty finally.
The above instruction is substantially the same as that condemned in Tate v. State, 192 So.2d 923 (1966) and Lofton v. State, 79 Miss. 723, 31 So. 420 (1902). See also Brown v. State, 186 Miss. 734, 191 So. 818 (1939); Herrington v. State, 177 Miss. 837, 172 So. 129 (1937); Adams v. State, 136 Miss. 298, 101 So. 437 (1924).
A careful examination of the record has convinced us that this is also a case in which an instruction of this type should not have been granted. Since it cannot be said that it did not materially prejudice Ellis' defense, the case must be reversed and remanded for a new trial.
A bullet, dug out of a bedstead in the house near which the affray occurred, and the empty shell of a cartridge found in the yard the next day were introduced in evidence over the objection of appellant that they had not been properly identified as having come from his pistol.
The trial court ruled as follows:
Well, the Court will allow you to introduce both, but instruct the jury not to reach any conclusion that the bullet or the hull are in any wise (sic) connected or have been with the testimony, or that the hull came from the gun of the defendant. There had been no proof to that effect as of this time.
In the context of the testimony of the several witnesses, these objects were capable of becoming material factors in the making up of the jury's verdict, as the prosecution contended, and appellant denied, that the bullet was the first shot fired and had been fired by appellant without provocation. If the shot, which the prosecution contends is represented by the shell and bullet, was not fired by appellant, then admittedly the first shot was fired by Worsham. The evidence in the record supporting the identity of these objects as having come from appellant's pistol is borderline at most. In view of the importance of the evidence they represent, the seriousness of the charge against appellant and the availability of the weapon, the shell and the bullet for tests, upon a retrial of the case, more trustworthy evidence of identification should be required or the impossibility of supplying it satisfactorily explained.
Reversed and remanded.
ETHRIDGE, C.J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.