457 So.2d 1347 (1984)
Rachel Henderson BARNES
v.
STATE of Mississippi.
No. 55109.
Supreme Court of Mississippi.
October 31, 1984.
*1348 T. Larry Wilson, Ransom P. Jones, III, Pascagoula, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Walter L. Turner, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This appeal stems from a shooting incident which occurred in front of Freeman's Bar in Pascagoula. As a result of that shooting the appellant, Rachel Henderson Barnes was found guilty in the Circuit Court of Jackson County of the murder of Audrey Faye Malone Stevens. Ms. Barnes was subsequently sentenced to a term of life imprisonment in the custody of the Mississippi Department of Corrections.
It is undisputed that Ms. Barnes fired the two pistol shots which killed Ms. Stevens; however, there is considerable dispute as to who the aggressor was at the time of the shooting. Four of the state's witnesses testified that Stevens made no threatening actions toward Barnes. Three other witnesses, including Barnes, testified that Stevens provoked Barnes and attacked her with various implements including a knife and liquor bottles. Obviously, Barnes' claim that she shot Stevens in self defense was critical to her case. For that reason she objected to, and now assigns as error, the granting of Instruction S-5 which reads:
The Court instructs the Jury that if a person provokes a difficulty, arming himself in advance and intending, if necessary, to use his weapon and overcome his adversary, he becomes the aggressor and deprives himself of the right of self defense. It is within the sole province of the Jury to determine who the aggressor was in this case.
In other words, if you find from the evidence in this case beyond a reasonable doubt that the Defendant, Rachel Barnes, provoded (sic) a difficulty, arming herself in advance and intending, if necessary, to use her weapon to overcome the victim, Audrey Faye Malone Stevens, then the Defendant, Rachel Barnes, became the aggressor and is then deprived of the right of self defense.
On numerous occasions this Court has cautioned that an instruction such as S-5 is to be given only in exceedingly rare circumstances *1349 where the facts of the case meet all of the elements necessary to cut off a defendant's right to claim self defense. In McMullen v. State, 291 So.2d 537 (Miss. 1974) this Court addressed the issue and held:
The second instruction is in the following language:
"The Court instructs the jury for the State that the law of self-defense as defined in the instructions presented to them by the State of Mississippi and by the defendant does not imply the right of attack. If you believe from the evidence in this case that the Defendant, Olia Mae McMullen, armed herself with a deadly weapon and sought the deceased with the formed felonious intent of invoking a difficulty with the deceased, or brought on, or voluntarily entered into and [sic] difficulty with the deceased, Tommie Kirkwood, Jr., with the felonious intent to kill and murder the deceased then, the Defendant, Olia Mae McMullen, cannot invoke the law of self-defense no matter how imminent or urgent the peril, in which she found herself."
A similar instruction was granted in Tate v. State, 192 So.2d 923 (Miss. 1966). This Court held that the instruction substantially restricted or cut off appellant's right to defend upon the ground of self-defense and was, therefore, erroneous. The Court said:
"In Lofton v. State, 79 Miss. 723, 31 So. 420 (1901) this Court said:
"... This form of charge, declaring a defendant estopped to plead self-defense, is an exceedingly unwise one to be given. We have repeatedly condemned it, ... It can never be proper, save in the few, very, rare cases where the case is such, on its facts, that a charge can be given embracing all the elements  not part of them, nor nearly all of them  essential to the estoppel." 79 Miss. at 734, 31 So. at 421." 192 So.2d at 924.
An almost identical instruction to the one in issue was held to be erroneous in Ellis v. State, 208 So.2d 49 (Miss. 1968) and in the recent case of Craft v. State, 271 So.2d 735 (Miss. 1973).
In Patrick v. State, 285 So.2d 165 (Miss. 1973) the appellant argued that his right to plead self-defense was cut off by one of the State's instructions. The Court stated:
"... [W]e reiterate and reemphasize what has already been said many times by this Court, and that is that it is a rare occasion when an instruction cutting off the right of self-defense is proper in a murder prosecution." 285 So.2d at 168.
In light of the cases discussed above, it appears that the giving of the instruction was error. From a close reading of the record in this case, there is no evidence nor inference therefrom that the appellant armed herself with the felonious intent of provoking a difficulty with the deceased.
291 So.2d at 540, 541.
The state contends that Barnes armed herself in the afternoon after she received a phone call telling her that Stevens had been sitting on Barnes' boyfriend's lap at another bar earlier in the day. The state's theory is explained by Mr. Guirola of the district attorney's office in his argument urging the granting of Instruction S-5:
BY MR. GUIROLA: That's what this whole altercation was about. Someone had called the Defendant and told her that so and so is messing with your man. She armed herself at that time. Her own statement said she didn't usually carry a gun. She armed herself at that time and then went hunting her. She went from place to place until she finally ran into her.
Theory without proof simply cannot support the granting of an instruction. Our review of the record leads us to the conclusion that the state failed to support its theory with evidence. The state never established at what point Barnes armed herself, indeed the only testimony in that regard is that of Barnes herself. She stated that she took her gun with her when she left her house early in the morning the day of the shooting. She testified that she did so because she knew she would be out late *1350 and that she had been robbed on several prior occasions. There is simply no evidence to suggest that she armed herself after receiving a call reporting her boyfriend's and Stevens' activities.
Based on the foregoing we are of the opinion that the facts of this case do not warrant it being labeled one of those "few, very rare, cases" wherein an instruction depriving the accused of asserting a claim of self defense should have been granted. Therefore, we hereby reverse and remand this cause to the Circuit Court of Jackson County for proceedings consistent with this opinion.
We find no merit to the other assignments of error; however, upon retrial we caution all the attorneys involved as to what we said in Scott v. State, 446 So.2d 580 (Miss. 1984) and its progeny, about instructions such as S-4:
Our decision today should be a clear indication that instructions such as S-8 (S-4 here) are condemned and should not be used upon retrial of this matter.
446 So.2d at 584.
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
WALKER, P.J., dissents.
PATTERSON, C.J., not participating.