FAIR, J.,
for the Court:
¶ 1. Dennis Jobe Jr. was convicted of aggravated assault and sentenced to twenty years in the custody of the Mississippi Department of Corrections as a habitual offender. He now appeals asserting that the trial court erred by giving a “pre-arming” instruction to the jury and by failing to grant his motion for a new trial. Finding no error, we affirm.
FACTS ■
¶ 2. In June 2009, Jobe was visiting his friend Bruce Wilder’s home where a group of neighbors and acquaintances had gathered. Among the group were Andrew Hill and Jeremy Perry. At the time, Jobe was forty years old. Hill was seventeen. That afternoon, Perry and Jobe got into a physical confrontation over some missing cigarettes. This altercation was apparently *1269 short-lived, and they shook hands after-wards.
¶ 3. That night, Jobe cooked some meat on the grill outside and left to take his dog home. When he returned, all the food had been eaten. According to Chris Garrett, another guest, Jobe became angry and said he was going outside to handle this. Before leaving the kitchen, Jobe opened a drawer and removed an object. Jobe went out to the carport where he questioned Perry and Hill about his food. Perry and Jobe got into a second physical fight. Shortly thereafter, Perry called for help, and Hill intervened to pull Jobe off of Perry. Hill and Jobe then began to fight. At some point, Hill realized he was being cut and ran to a neighbor’s house seeking help. Billy Ward, another guest, corroborated this version of events.
¶ 4. According to Jobe, when he went outside to question Perry and Hill about his food, they both attacked him. Perry had the knife and was swinging it at Jobe while Hill was holding him still. During the struggle, they all fell down, and Jobe managed to get the knife but sustained cuts on his hands. Perry and Hill continued to “slash” at him with something, so he defended himself with the knife.
¶ 5. At trial, Detective Sergeant Gregory Correll stated that when he arrived on the scene, Jobe had no cuts on his hands. Emergency Medical Services Supervisor Gregory Mynatt, who treated Jobe, agreed that Jobe had no cuts or lacerations on his body. The knife Jobe used was found in the grass near the home and matched a set of steak knives in Wilder’s kitchen drawer.
¶ 6. The jury was instructed on the law of aggravated assault, self-defense, and pre-arming. After a one-day trial, it returned a guilty verdict. Jobe now appeals asserting that the trial court erred in giving a pre-arming instruction and in denying his motion for a new trial.
DISCUSSION
1. Pre-Arming Instruction
¶ 7. Jobe asserts that the trial court erred by giving the jury a pre-arming instruction and contends it effectively deprived him of his self-defense theory.
¶ 8. The instruction, S-2, stated: “If a person provokes a difficulty, arming himself in advance, and intending, if necessary, to use his weapon and overcome his adversary, he becomes the aggressor and deprives himself of the right of self defense.” In addition, the jury received one self-defense instruction and one aggravated-assault instruction.
¶ 9. “A criminal defendant is entitled to present his defense to the finder of fact.” Keys v. State, 635 So.2d 845, 848 (Miss.1994). Pre-arming instructions have been approved in rare cases. See Hart v. State, 637 So.2d 1329, 1337 (Miss.1994); Hall v. State, 420 So.2d 1381, 1385 (Miss.1982); Reid v. State, 301 So.2d 561, 564 (Miss.1974).
¶ 10. The Mississippi Supreme Court has set out certain conditions that must be met before a pre-arming instruction can be given. See Hart, 637 So.2d at 1337. We look to see if the defendant was not in any danger when he armed himself and then provoked a difficulty with the intent of causing serious bodily injury, if necessary, during the confrontation. See id. There must not be any evidence that the defendant abandoned his original purpose or attempted to withdraw in good faith from the encounter. Id.
¶ 11. In Hart, the defendant armed himself with a shotgun and drove to his victim’s house where he honked his horn and yelled while waiting for the victim to appear. Id. Similarly, in Hall, 420 So.2d at 1385, the defendant armed himself with *1270 a shotgun and went to his victim’s home after his wife warned him that the victim had threatened to hurt them. And in Reid, 301 So.2d at 564, after seeing the victim’s car near the trailer, the defendant armed himself and proceeded to the trailer for a confrontation. In each case, the pre-arming instruction was properly given because it was supported by the evidence.
¶ 12. Such an instruction was found to be improper in Johnson v. State, 908 So.2d 758, 763 (¶ 17) (Miss.2005), and Barnes v. State, 457 So.2d 1347, 1349-50 (Miss.1984). In Johnson, there was no evidentiary basis for the instruction because the defendant did not seek his victim out, and the State did not show his intent to provoke an altercation. Johnson, 908 So.2d at 763 (¶ 17). In Barnes, the instruction was improperly given because there was ambiguity regarding the first aggressor. Barnes, 457 So.2d at 1349-50. Three defense witnesses testified that the victim was the first aggressor, and there was no evidence of the defendant’s intent to provoke a confrontation. Id. at 1348.
¶ 13. Here, the testimony of the victim and other witnesses demonstrates that while Jobe was in no physical danger, he took a knife and proceeded outside stating that he would “handle this.” After reaching Perry and Hill, Jobe questioned them, and a physical confrontation erupted during which the defendant used his knife to inflict serious injury on both victims. There is no evidence that Jobe changed his mind, abandoned his original intent, or attempted to withdraw from the encounter. The only evidence of self-defense is Jobe’s own testimony that two “kids” attacked him with a kitchen knife after being questioned about the missing meat.
¶ 14. The instruction given did not preempt Jobe’s self-defense claim but submitted the issue to the jury for its determination. See Hall, 420 So.2d at 1385. Jobe was given a self-defense instruction that permitted the jury to consider his defense. The jury, by its verdict, rejected Jobe’s contention that he was acting in self-defense. Although this instruction and similar instructions have been criticized, this is a rare case where the instruction was supported by the evidence. We find no error was committed by giving instruction S-2.
2. Weight of the Evidence
¶ 15. Jobe argues that his conviction was against the overwhelming weight of the evidence, which establishes that he acted in necessary self-defense.
¶ 16. “A reversal is warranted only if the trial court abused its discretion in denying a motion for new trial.” Ivy v. State, 949 So.2d 748, 753 (¶ 21) (Miss.2007). “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). Evidence should be viewed in the light most favorable to the verdict. Id.
¶ 17. One is guilty of aggravated assault under section 97-3-7(2)(b) of the Mississippi Code Annotated (Supp.2011) if he “attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.... ”
¶ 18. Here, Hill testified that he pulled Jobe off of Perry and was attacked with a knife; Garrett stated that Jobe took an object from the kitchen drawer and went outside saying he was going to “handle this.” Detective Sergeant Correll found the knife and explained that it *1271 matched the knives in the kitchen drawer. A paramedic detailed the injuries for which she treated Hill that night,.and My-natt testified that Jobe did not have any cuts or lacerations on his body. The only conflicting evidence offered was Jobe’s own testimony.
¶ 19. On appeal, “[i]t is not our function to determine whose testimony to believe.” Taylor v. State, 744 So.2d 306, 312 (¶ 17) (Miss.Ct.App.1999). “We will not disturb a jury’s finding on conflicting testimony where there is substantial evidence to support the verdict.” Id. The jury in this case was presented with two conflicting versions of events. It found that Jobe was not acting in necessary self-defense when he assaulted Hill. Viewing the evidence in the light most favorable to the verdict, we cannot say the verdict is against the overwhelming weight of the evidence.
¶ 20. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO RUN CONSECUTIVELY TO ANY SENTENCE CURRENTLY BEING SERVED, AS A HABITUAL OFFENDER WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO PAY A $1,000 FINE AND $100 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.