ON WRIT OF CERTIORARI

PIERCE, Justice, for the Court:
¶ 1. The Lauderdale County Circuit Court convicted Steve Antonio Anthony of the sale of cocaine. He appealed his conviction, arguing that: (1) the circuit court erred by excluding evidence on cross-examination of the prior felony charges of the State’s confidential informant; (2) the circuit court erred in denying two peremptory challenges raised by the defense; and (3) the jury’s verdict is against the overwhelming weight of the evidence. The Court of Appeals affirmed the conviction. Anthony petitioned for certiorari with this Court, raising the same three issues. Finding that the trial court erred by limiting the cross-examination of the confidential informant (Cl), we reverse Anthony’s conviction and sentence and remand this case for a new trial.
FACTS
¶ 2. This Court adopts the statement of facts as provided in the Court of Appeals opinion as follows:
On December 4, 2009, Anthony was arrested for selling approximately 3.06 grams of cocaine to Arnold Brown, a confidential informant. The drug sale between Anthony and Brown took place on June 29, 2007.
Prior to the drug buy, Brown approached Agent Christopher Scott with the Meridian Police Department and the East Mississippi Task Force about working with the task force as a CL Brown contacted an individual known as “Pee Wee” who had cocaine he was willing to sell. Agent Scott began the operation to buy drugs through Brown from Pee Wee based on Brown’s information. Brown called Pee Wee on the orders of Agent Scott and set up a meeting place for the drug buy. Pee Wee agreed to meet Brown on 16th Avenue and 16th Street in Meridian, Mississippi. Agent Scott testified that he did not record the conversation, but the phone call was made from their briefing location. At the trial, Brown testified that the man he knew as Pee Wee was Anthony.
Before the Cl went to the drug-buy location, the task force searched Brown thoroughly to make sure he did not have any weapons or contraband on him. Brown was then issued money from the official task-force fund. The department made copies of the serial numbers of each bill used in the buy. The task force wired Brown with an audio and video device, and he was wired with a transmitter so the surveillance agents could hear Brown during the buy. Brown’s vehicle was searched in its entirety to make sure that no drugs, contraband, or weapons of any type were present in his vehicle.
After Brown was thoroughly searched and wired, Brown gave the agents the specific route that he was going to take to the buy. Agent Scott testified that the agents tried to do a physical surveillance without being too close in proximity to the buy in order to ensure that Brown’s cover was not blown. Agent Scott further testified that Brown did not make any stops between the pre-buy meeting and the buy location. Brown testified that Anthony told him he had some “soft,” which is powder cocaine. Brown asked Anthony for the price of a gram of cocaine. Anthony told Brown a gram of cocaine was $100.
When Brown and Anthony were at the designated place for the buy, Brown tes *397 tified that Anthony got in Brown’s car in order to make the exchange. During the exchange, Anthony got out of the vehicle before the close of the buy. Brown then followed Anthony out of the car and approached Anthony about buying some pills in order to get Anthony on video. After the buy, Brown immediately met with the agents who confiscated the cocaine that Brown had bought from Anthony. At the post-buy debriefing, the agents again searched Brown and his car. The agents also took Brown’s statement. The Mississippi Crime Lab determined that substance sold to Brown was 3.06 grams of cocaine.
The jury convicted Anthony on June 2, 2010, for sale of cocaine. Anthony was sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). The circuit court sentenced Anthony to sixty years in the custody of the Mississippi Department of Corrections without eligibility for probation or parole. Anthony was additionally ordered to pay a $5,000 fine.
Anthony v. State, 108 So.3d 419, 421-22 (Miss.Ct.App.2012).
¶ 3. During the trial, Anthony sought to cross-examine Brown regarding: (1) a pri- or conviction from 1993, (2) an arrest on February 26, 2007, for two counts of sale of a controlled substance and one count of contempt of child support, and (3) an arrest on April 17, 2007, for one count of possession of a controlled substance and one count of abuse/neglect/exploitation of a vulnerable adult. The trial court allowed cross-examination regarding the two counts of sale of a controlled substance for which Brown was arrested on February 26, 2007, based on the finding that Brown was “working off’ these charges as a confidential informant. The trial court, however, refused to allow cross-examination on the remaining charges and the 1993 conviction.
¶ 4. The Court of Appeals upheld the trial court’s ruling. The Court of Appeals found that at the time of trial, Brown’s 1993 conviction was seventeen years old and was subject to the time limits of Mississippi Rule of Evidence 609(b). The Court of Appeals also found that, because Anthony had failed to show the trial court that Brown had been convicted of the remaining charges, evidence of Brown’s arrests was inadmissible under Rule 609.
DISCUSSION
¶ 5. “Limitations on cross-examination are reviewed for abuse of discretion.” Jefferson v. State, 818 So.2d 1099, 1109 (Miss.2002). We will affirm the trial court’s exercise of discretion unless the ruling resulted in prejudice to the accused. Clark v. State, 40 So.3d 531, 542 (Miss.2010).
¶ 6. Mississippi allows wide-open cross-examination of any matter that is relevant, including the possible interest, bias, or prejudice of the witness. Meeks v. State, 604 So.2d 748, 755 (Miss.1992). “For the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or interest of the witness for or against any party to the case is admissible.” M.R.E. 616. This includes interrogating the witness’s belief or perception as to whether the State could extend leniency for pending charges. Foster v. State, 508 So.2d 1111, 1114-15 (Miss.1987), overruled on other grounds by Powell v. State, 806 So.2d 1069 (Miss.2001). “Not only is this right secured by our rules of evidence ... it is a function of the confrontation clauses of federal and state constitutions.” Caston v. State, 823 So.2d 473, 491 (Miss.2002) (quoting Suan v. State, 511 So.2d 144, 148 (Miss.1987)).
*398 ¶ 7. Here, as Judge Russell found in her dissent, the favorable treatment Brown had received on his prior charges in exchange for his testimony was a material point that affected Brown’s credibility as a witness. Anthony, 108 So.3d at 428. In limiting Anthony’s cross-examination of Brown, the trial court denied Anthony the opportunity to fully challenge Brown’s credibility. This error by the trial court is augmented by the fact that the State’s case relied heavily on Brown’s testimony. Based on the record before us, the only evidence placing Anthony inside Brown’s vehicle is Brown’s testimony. The video submitted into evidence shows only Brown handing over something to an unknown person sitting in the vehicle. The video does not reveal the face or even the clothing of the person. Thus, the reliability of Brown’s testimony was crucial in this instance. And Anthony’s jury should have heard the full extent of the deals between Brown and the State.
CONCLUSION
¶ 8. For these reasons, we find that the trial court’s error in limiting Anthony’s cross-examination of Brown constituted reversible error. Accordingly, we reverse the judgments of the Court of Appeals and the Lauderdale County Circuit Court and remand the case to the trial court for a new trial consistent with this opinion.
¶ 9. REVERSED AND REMANDED.
WALLER, C.J., KITCHENS, CHANDLER AND KING, JJ„ CONCUR. LAMAR, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON AND RANDOLPH, P.JJ., AND COLEMAN, J.