CARLTON, J.,
dissenting:
¶ 41. I respectfully dissent from the majority’s opinion. The trial court erred in limiting Barron’s cross-examination of State witness Brooklyn, violating his right of confrontation and constituting reversible error. See generally Anthony v. State, 108 So.3d 394, 397-98 (¶¶ 5-8) (Miss.2013); Suan v. State, 511 So.2d 144, 146-48 (Miss.1987). First, the trial court’s limitation of the cross-examination by Barron unconstitutionally restricted his cross-examination on a matter affecting the witness’s credibility, thereby violating his right of confrontation.[1] Second, the trial court prevented Barron from presenting evidence through her testimony that was necessary for his defense to show why he was provoked to a state of mind of heat of passion. See Meeks v. State, 604 So.2d 748, 755 (Miss.1992); Freeman v. State, 204 So.2d 842, 844-47 (Miss.1967); see also M.R.E. 401; M.R.E. 616. These errors by the trial court affected substantial rights of Barron and prevented him from presenting his defense. See Herrington v. State, *542 102 So.3d 1241, 1247 (¶ 21) (Miss.Ct.App.2012) (An error falls under the plain-error doctrine “if it ‘affects substantive rights of the defendant.’ ”). These rulings by the trial court denied Barron a fair trial.
¶42. I will first briefly address the error of the trial court in preventing Barron from presenting evidence necessary for his defense. Barron contends that the evidence showed that, at most, he was guilty of only manslaughter.[2] The trial court gave the jury a manslaughter instruction, but during trial, the trial court failed to allow Barron to elicit testimony concerning past domestic violence perpetuated by Matthew, supporting the theory that he was the initial aggressor against Joann, Barron’s mother. In denying the admission of this evidence of past domestic violence, the trial court prevented Barron from presenting his defense to the murder charge, prohibiting evidence proving that he acted in the heat of passion and showing the cause of Barron’s provocation and sensitivity with respect to the current abuse against his mother.[3] See M.R.E. 404(b); M.R.E. 803(2); see also Mitchell v. State, 90 So.3d 584, 592-93 (¶¶ 19-20) (Miss.2012). Mississippi law holds a heat-of-passion defense requires evidence of adequate provocation. Magee v. State, 752 So.2d 1100, 1104 (¶ 16) (Miss.Ct.App.1999).
¶ 43. The evidence of Matthew as the aggressor in past instances of domestic violence against Joann relevantly relates to Barron’s state of mind, showing why Barron responded in such an extreme manner to Matthew’s abuse on this occasion, and the evidence also relevantly relates to the reasonableness of Barron’s response in shooting Matthew. See M.R.E. 802; see also Jobe v. State, 97 So.3d 1267, 1269 (¶ 9) (Miss.Ct.App.2012) (“A criminal defendant is entitled to present his defense to the finder of fact.”). Therefore, the jury was prevented from considering evidence that Barron was not guilty and acted reasonably in his defense and, alternatively, that he acted in the heat of passion to protect his mother, a long-standing domestic-violence victim, in support of the manslaughter instruction. Hobson v. State, 730 So.2d 20, 26-27 (¶¶ 22-23) (Miss.1998). This Court has defined heat of passion as “a state of violent and uncontrollable rage engendered by a blow or certain other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time.” Anderson v. State, 914 So.2d 1239, 1243 (¶ 16) (Miss.Ct.App.2005). “The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment[,] or terror.” Id.; see Underwood v. State, 708 So.2d 18, 36 (¶ 54) (Miss.1998); Tait v. State, 669 So.2d 85, 89 (Miss.1996); see also M.R.E. 401 (relevant evidence defined). Evidence of past wrongs or acts is not admissible to prove character, but it is admissible for other purposes. See M.R.E. 404(b); see also Freeman, 204 So.2d at 844-47.
¶ 44. The trial court additionally violated Barron’s constitutional right of confrontation by limiting his cross-examination of Brooklyn, a State’s witness and the daugh *543 ter of the deceased.[4] The majority finds no error in the exclusion of evidence that Matthew was the aggressor in past instances of domestic violence. In finding no error in the exclusion of this past domestic violence, the majority reasons no error occurred because Barron did not know of the particular instances. However, the State opened the door to this testimony in its direct examination of State’s witness Brooklyn, and Barron was entitled to cross-examine her as to the accuracy of the happy family image she portrayed to the jury. Moreover, nothing in the record reflects that Barron was unaware that his mother had been in an abusive relationship or a victim of past abuse at the hands of Matthew, the deceased. Contradicting the logic of the majority’s analysis, the record shows Barron’s knowledge of domestic abuse of Joann. Barron told Investigator Spell of an occurrence of past domestic violence where Matthew assaulted Joann by pushing her. Moreover, the trial court erred in failing to allow Barron to cross-examine Brooklyn, Matthew’s daughter, regarding Matthew’s actions as an aggressor in past domestic violence against Barron’s mother, Joann. On its face, the record reflects the relevancy of this evidence, and as acknowledged, in denying Barron his right to cross-examine this witness offered by the State against him, the trial court violated Barron’s right of confrontation. A trial court may not unduly limit the cross-examination of a State’s witness by a criminal defendant. See Carey v. State, 80 So.3d 131, 134 (¶ 9) (Miss.Ct.App.2012) (“Limitations placed on cross-examination are reviewed for abuse of discretion.”). The State called Brooklyn as a witness and elicited testimony from her establishing that she was the daughter of Matthew, the deceased, and the State entered into evidence a photograph of Brooklyn with her father at a high-school homecoming. The photo painted a picture for the jury of a sympathetic victim leaving behind a grieving daughter and happy family. Barron should have been allowed to cross-examine this witness about that portrait of the happy family she painted for the jury regarding her father’s participation in past domestic abuse. On cross-examination, the defense elicited testimony that her father’s nickname was “Killer,” and testimony as to the frequency of her visitations in the past with her father after he divorced her mother.[5] The trial court prohibited Barron’s counsel from cross-examining her about abuse perpetrated by her father when she was ten years of age.[6] This evidence was relevant to: the witness’s credibility; the defense of justifiable homicide showing force necessary to prevent harm to Joann; the credibility of Joann as a victim with a history of domestic violence; and heat of passion of Barron acting to protect a victim of past domestic violence.[7] As provided recently in Anthony, 108 So.3d at 397 (¶ 5), limitations on cross-examination are reviewed for abuse of discretion. The ruling will be affirmed unless the ruling resulted in prejudice to the accused. Id. (citing Clark v. State, 40 So.3d 531, 542 (¶ 29) (Miss.2010)). Missis *544 sippi allows wide open cross-examination concerning anything relevant, including possible bias, interest, or prejudice of the witness. Id. (citing Meeks, 604 So.2d at 755). For purposes of attacking credibility of a witness, evidence of bias, prejudice, or interest of the witness is admissible. Id. (quoting M.R.E. 616). This right is secured by our rules of evidence and, more significantly, by the Confrontation Clause of the federal and state constitutions. See M.R.E. 616. The rulings by the trial court addressed herein violated Barron’s substantial constitutional rights of confrontation and to present evidence in his defense. These rulings by the trial court resulted in prejudice to Barron and manifest injustice by denying him a fair trial. See Herrington, 102 So.3d at 1247 (¶ 21).[8]
¶ 45. Based on the foregoing, I dissent.
ISHEE AND JAMES, JJ., JOIN THIS OPINION.

. See U.S. Const. amend. VI; Miss. Const. art. 3, § 26.

. See Miss.Code Ann. § 97-3-35 (Rev.2006); Miss.Code Ann. § 97-3-47 (Rev.2006); Wade v. State, 724 So.2d 1007, 1011 (¶¶ 11-13) (Miss.Ct.App.1998); Lanier v. State, 684 So.2d 93, 97 (Miss.1996).

. See Rogers v. State, 994 So.2d 792, 803-04 (¶ 45) (Miss.Ct.App.2008); Jones v. State, 827 So.2d 21, 26 (¶ 19) (Miss.Ct.App.2002) (heat of passion manslaughter includes a state of mind characterized by anger, rage, hatred, furious resentment or terror).

. A Confrontation Clause violation is a violation of a substantive, fundamental right. Corbin v. State, 74 So.3d 333, 337 (¶ 12) (Miss.2011).

. Brooklyn's parents divorced when she was seven years old.

. In cases where the issue pertains to who was the initial aggressor, evidence of the character of the deceased is admissible even though the defendant had no knowledge thereof. Freeman, 204 So.2d at 844.

.See Gray v. State, 549 So.2d 1316, 1321 (Miss.1989) (discussing the plain-error doctrine); see also M.R.E. 401 (relevant evidence); M.R.A.P. 28(a)(3) (noting that appellate courts may address plain error).

. See also Smith v. State, 986 So.2d 290, 294 (¶ 10) (Miss.2008); Brown v. State, 995 So.2d 698, 703 (¶ 21) (Miss.2008).