GRIFFIS, P.J.,
for the Court:
¶ 1. This is the appeal of a jury verdict in an eminent-domain action. The Mississippi Transportation Commission (“MTC”) sought to acquire certain property owned by Tallulah Redding, Sharon Anderson, and Arthur Anderson (the “landowners”). The landowners were awarded $1,709,197 in compensation and damages a result of the taking of their property. On appeal, the landowners argued that the trial court erred when it excluded an earlier appraisal of the property. Finding reversible error, we remand for a new trial.
FACTS
¶2. The MTC sought to locate, relocate, construct or reconstruct a segment of State Road 304/1-269 from 1-55 to State Road 305 in DeSoto County, Mississippi. More specifically, the MTC sought to acquire 81.28 acres from a parcel of 436.19 acres that were owned by the landowners. The MTC initiated negotiations with the landowners but were unable to come to an agreement.
¶ 3. On August 3, 2010, the MTC commenced this eminent-domain action. The MTC sought to acquire property and asked for an order granting the right of immediate title and possession. On September 10, 2010, the court entered an order granting the MTC the right to immediate title and possession of the property. On October 5, 2010, the MTC filed a statement of values that represented the value of the property to be condemned at $1,370,975.
¶ 4. The central issue in this appeal is the pre-negotiation appraisal report prepared for the MTC, which was required by Mississippi Code Annotated section 43-37-3.On February 8, 2011, the court ordered the production of the pre-negotiation appraisal report. On May 9, 2011, the MTC *960 filed a motion in limine that asked the court:
to enter an order ordering and directing the attorney for the [landowners] to refrain from mentioning, stating or suggesting in the presence of the jury or prospective jurors [prior] to or during the trial of this case, either through the examination of witnesses, offer of evidence, arguments, statements or otherwise anything with reference to an offer of compromise and settlement made to [the landowners] prior to the filing date of August 3, 2010, said offer of compromise having been mandated by Section 43-37-3, Miss.Code Ann., 1972.
The motion argued that the pre-negotiation appraisal report would be “highly prejudicial and violates Mississippi Rule of Evidence 408.” The landowners filed a response and the MTC filed a “supplement.” On June 24, 2011, the court denied the motion in limine.
¶ 5. On July 6, 2011, the MTC sought to appeal the court’s decision and filed a petition for permission for interlocutory appeal with the Mississippi Supreme Court. By order dated July 12, 2011, the petition was denied.
¶ 6. The trial was scheduled to begin on March 21, 2012. The day before, on March 20, the MTC filed another motion in limine that asked the court to exclude the pre-negotiation appraisal report. On April 25, 2012, the court entered a “Limine Order” that granted the earlier motion in limine and ruled that the pre-negotiation appraisal report was inadmissible. The landowners filed a motion to reconsider, and it was denied.
¶ 7. The jury trial was held from April 9 through April. 11, 2013. William Milton, the MTC’s appraiser, testified that the property’s appraised value was $1,370,975. His pre-negotiation appraisal report, which was excluded, appraised the property at $1,912,125. The landowners’ expert appraiser, Rip Walker, testified that the just compensation due to the owners was $3,700,000. The jury returned a verdict of $1,709,197. The landowners timely filed a motion for a judgment notwithstanding the verdict, additur, or new trial, and it was denied. Their appeal has been deflected to this Court.
DISCUSSION
¶ 8. The landowners’ appeal challenges the trial court’s decision to exclude the pre-negotiation appraisal report. They claim that Mississippi law provides that the landowners are entitled to use the condemning authority’s original, highly relevant appraisal for impeachment purposes when a condemning agency’s opinion of just compensation at trial is lower than its previous opinion. They cite Motley v. Jackson Redevelopment Authority, 632 So.2d 1284 (Miss.1994). Further, they claim the jury heard about how the downturn in the economy impacted Milton’s valuation. However, the jury did not hear that Milton had already taken the downturn into account when he made his first appraisal. They claim that this was a critical fact the jury should know, especially considering Milton’s first appraisal calculated just compensation due to the landowners to be $541,150 higher than his testimony in court.
¶ 9. We begin with a close and careful look at the trial court’s decision. The trial court’s April 25, 2012 “Limine Order” held:
This matter came on for jury trial on March 21, 2012. At the onset of the proceedings, [the MTC] made a motion in limine to exclude [the landowners]’ use of any MTC appraisals performed prior to the established date of taking in this matter, August 3, 2010. Prior to *961 the appraiser’s testimony, the Court sustained [the MTC]’s motion without comment and advised that a written opinion would follow. Before [the landowners]’ cross-examination of the [MTC] ’s appraiser, the Court declared a mistrial for an unrelated reason.
At issue is what has been commonly referred to as “pre-negotiation” and “review” appraisals prepared by [the MTC]’s appraiser, William Milton. As required by Mississippi Code Annotated § 43-37-3, MTC obtained an appraisal of the subject property as a basis for making an offer to the landowners. Based on the initial appraisal, an offer was made to and rejected by the landowners sometime in 2008. MTC then filed suit to condemn the property on August 3, 2010. Mr. Milton performed an appraisal at that time which MTC submitted as its Statement of Value in this case. The 2010 appraisal is significantly lower than MTC’s 2008 appraisal and offer.
[The landowners] seek to impeach Milton with those prior appraisals. Initially, this Court agreed with [the landowners]’ position and allowed the use of the appraisals for impeachment purposes only. [The MTC] sought, and [was] denied, an interlocutory appeal to the Mississippi Supreme Court. The original trial date was continued to March, 2012. However, prior to the March trial, the Court announced to the parties that it was revisiting its prior decision, sua sponte, and invited the parties to submit additional filings.
The court then analyzed Morley v. Jackson Redevelopment Authority, 632 So.2d 1284 (Miss.1994), and United States v. 320.0 Acres of Land, 605 F.2d 762 (5th Cir.1979). The court concluded:
However, much is lacking in the factual development of those cases to apply them to the instant case. Both cases fail to provide the “how” and “why” the condemning agency lowered their statement of values. The focus is on the application of MRE and FRE 408’s prohibition against introducing offers of settlement.
This Court’s ruling[,] however, hinges on MRE 403[,] which states, “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” Expert real estate appraisers for both parties operate under the mandate of Mississippi Code Annotated § 11-27-19[,] which states in relevant part: “Evidence of fair market value shall be established as of the date of the filing of the complaint.” To allow the [landowners] to impeach [the MTC]’s appraiser with old appraisal data performed a year and a half before the date of the filing of the complaint and introduce a value that was assigned well before the filing could be highly prejudicial to the [MTC]. Any probative value would be outweighed by that prejudicial effect.
[The MTC]’s appraisals are based on new comparable sales and purport to reflect the changed landscape of real estate values in 2010 as opposed to values in 2008. While the [MTC] could explain the change in value, the evidence of a prior assignment of value would be before the jury and would have the potential to cause confusion or prejudice. Accordingly, [the MTC]’s Motion in Li-mine filed March 20, 2012 is granted. [The landowners] are prohibited from introducing or referring to the pre-nego-tiation appraisal reports prepared by MTC.
*962 ¶ 10. In Robinson Property Group, L.P. v. Mitchell, 7 So.3d 240, 243 (¶ 9) (Miss.2009), the supreme court held that “the appellate court reviews a trial judge’s decision to admit or deny evidence under an abuse-of-discretion standard. If an error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party.” (Internal citations and quotations omitted).
¶ 11. Although the trial court appears to reject the legal principles in Morley and 320 Acres of Land, we believe these cases cannot be ignored. In Morley, the Jackson Redevelopment Authority obtained two appraisals. Morley, 632 So.2d at 1287. The first appraisal concluded the property’s value was $375,500, and the second valued it at $865,000. Id. The landowners rejected an offer of $865,000 based upon the higher appraisal. Id. At trial, the JRA sought to preclude any reference to the higher appraisal on the grounds that the higher offer was an offer to settle or compromise a disputed claim, and therefore, it was excluded under Mississippi Rule of Evidence 408. Id. at 1291. The supreme court rejected this argument. The court cited Rule 408: “ ‘This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations.’ ” Id. at 1291-92. The court reasoned that, because the offer based upon the higher appraisal was extended before the petition was filed, no disputed claim existed for Rule 408 purposes. Id. at 1292.
¶ 12. The court also held that, because the statement of fair market value was mandated by law (as is the case here), the policy reason behind Rule 408 did not apply; “[ajllowing the statements into evidence would not discourage settlement of disputed claims since the statement still had to be made by law.” Id. (citing 320 Acres of Land, 605 F.2d at 824-25). To withhold from the jury the higher offer would “improperly prevent[] the owners from entering into evidence or using as impeachment the highly relevant appraisal....” Id.
¶ 13. In the Fifth Circuit decision in 320 Acres of Land, the government obtained pre-filing appraisals and extended offers of $80,000 and $20,000 to two of the affected property owners. 320 Acres of Land, 605 F.2d at 823-24. At trial, the government’s expert appraiser testified that the fair market value of the properties was $64,000 and $12,000, respectively. Id. at 824. The court held that Federal Rule of Evidence 408 was not applicable to the original statements of value and statements of compensation are admissible at a subsequent compensation trial, as an admission, once it becomes known at trial the government is attempting to value the property at a lower figure. Id. at 825.
¶ 14. The Fifth Circuit explained:
First, unlike offers of compromise, there is no possibility that these statements are motivated by a desire to buy peace, irrespective of the merits. To repeat, the statements represent the bottom line sum which the Government believes the landowner is constitutionally entitled to. Second, there is no significant danger that admission of such statements will deter the negotiated acquisition of private lands. Insofar as the statements do represent the Government’s appraised estimate of fair market value and just compensation they represent what the Government believes it will have to pay in any event [ajfter incurring the costs of a condemnation proceeding. Governmental desire to avoid these costs should be sufficient incentive to attempt a negotiated and voluntary sale of the property, regardless of the *963 admissibility of statements. Finally, we point out that among the express purposes with which Congress enacted [§ ] 4651 were “to assure consistent treatment of owners” and “to promote public confidence in Federal land acquisition practices.” ... As the law of admissions is really the law of agency, not evidence, one can hardly imagine a statement more fitting the definition than this a statement made by one acting within his authority asserting a position contrary to the one asserted at trial.
Id. Thus, the Fifth Circuit concluded that “the Government is not completely free to play fast and loose with landowners telling them one thing in the office and something else in the courtroom.”
¶ 15. This case is analogous to Morley and 320 Acres of Land. However, the trial court concluded that “much is lacking in the factual development of those cases [Morley and 320 Acres of Land] to apply them to the instant case. Both cases fail to provide the ‘how’ and ‘why’ the condemning agency lowered their statement of values.” We find that the trial court was in error. These cases provide that the primary purpose to allow the admission of the earlier appraisal is for impeachment. Here, the MTC will certainly be allowed to explain the “how” and “why” to the jury. The jury can then reject it or accept it. The jury’s result will then be based on all relevant evidence.
¶ 16. Unfortunately, our discussion does not end here. The trial court explained that its “ruling ... hinges on MRE 403[,] which states, ‘Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.’ ” The trial court then explained:
Expert real estate appraisers for both parties operate under the mandate of Mississippi Code Annotated § 11-27-19[,] which states in relevant part: “Evidence of fair market value shall be established as of the date of the filing of the complaint.” To allow the [landowners] to impeach [the MTCJ’s appraiser with old appraisal data performed a year and a half before the date of the filing of the complaint and introduce a value that was assigned well before the filing could be highly prejudicial to the Plaintiff. Any probative value would be outweighed by that prejudicial effect.
[The MTC’s] appraisals are based on new comparable sales and purport to reflect the changed landscape of real estate values in 2010 as opposed to values in 2008. While the [MTC] could explain the change in value, the evidence of a prior assignment of value would be before the jury and would have the potential to cause confusion or prejudice.
¶ 17. The trial judge erred in his application of Rule 403 when he stated the concern that the old appraisal would be “highly prejudical” to the MTC and “any probative value would be outweighed by that prejudicial effect.” This is an erroneous application of Rule 403.
¶ 18. Mississippi Rule of Evidence 402 provides that “[a]ll relevant evidence is admissible, except as otherwise provided ... by these rules. Evidence which is not relevant is not admissible.” There is no question that the prior appraisal is relevant and admissible under Rule 402. We then turn to the Rule 403 filter, which provides that “evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]” M.R.E. 403 (emphasis added). This Court recognizes that almost all ad *964 missible evidence is, or at least should be, prejudicial to the opposing party. If evidence is not prejudicial, the trial court may want to ask why is it being offered for admission.
¶ 19. The Rule 403 filter allows relevant (i.e., probative) evidence to be excluded only if its “probative value is substantially outweighed by the danger of unfair prejudice.” (Emphasis added). Here, the trial court did not find that the probative value of the pre-negotiation appraisal report was “substantially” outweighed. This is important.
¶ 20. Further, as to the second paragraph of the trial court’s opinion cited above, that is exactly the purpose of impeachment. The MTC’s expert witness may be able to explain that the more recent appraisals were based on new comparable sales and reflected “the changed landscape of real estate values in 2010 as opposed to values in 2008.” If so, the jury will have all “relevant evidence” before it and could certainly then determine which valuation to accept. Again, the prior appraisal is not inadmissible because it “would have the potential to cause confusion or prejudice.” The Rule 403 test is not simply that it would cause “confusion or prejudice”; instead, the “danger of unfair prejudice [or] confusion of the issues” must “substantially outweigh” the probative value of the evidence.
¶ 21. Finally, we recognize that “Mississippi allows wide-open cross-examination of any matter that is relevant....” Anthony v. State, 108 So.3d 394, 397 (¶ 6) (Miss.2013). In Robinson Property Group, Justice Randolph, writing for the court, clearly analyzed the proper procedure for the trial court:
Rule 607 provides that “[t]he credibility of a witness may be attacked by any party....” Miss. R. Evid. 607. Therefore, an attack upon the credibility of a witness through the impeachment of false or misleading testimony is permissible. However, any evidence to be admitted under Rule 607 must always first be deemed relevant, see Mississippi Rule[s] of Evidence 401-402, and then filtered through Rule 403.
Robinson Prop. Gp., 7 So.3d at 245 (¶ 15). Here, the landowners are allowed to impeach the MTC’s expert witness appraiser with his prior appraisal. See M.R.E. 607. The prior appraisal was certainly relevant evidence. See M.R.E. 401-402.
¶ 22. We review the trial judge’s decision to exclude evidence under an abuse-of-discretion standard. Here, we find that the trial court was in error in the decision to exclude the pre-negotiation appraisal report. We cannot reverse this case, however, unless we find that “the error adversely affects a substantial right of a party.” Robinson Prop. Gp., 7 So.3d at 243 (¶ 9). Therefore, we also find that the exclusion of this evidence was an error that adversely affected a substantial right of the landowners. As a result, we reverse the trial court’s decision to grant the motion in limine and exclude the pre-negotiation appraisal report. We also remand this case for a new trial consistent with this opinion.
¶ 23. THE JUDGMENT OF THE DE-SOTO COUNTY SPECIAL COURT OF EMINENT DOMAIN IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J.